**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SEP 1 8 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GREAT KIDS, INC., an Illinois corporation, | ) |
| | ) |
| Defendant. | ) |

No. 09-CR-30107-DRH

## PLEA AGREEMENT

The attorney for the Government and the attorneys for the Defendant have engaged in discussions and have reached an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

**I.**

1.    The Defendant, through its authorized representatives, will cooperate fully with the Government. The Defendant agrees and acknowledges that its obligation to cooperate requires it, through its authorized representatives, to provide complete and truthful testimony under penalty of perjury before any Grand Jury or in any trial proceeding. Furthermore, the Defendant understands that this agreement requires it, through its authorized representatives, to testify concerning all criminal activity about which it knows, whether or not the Defendant was itself involved.

2.    The Defendant also agrees and acknowledges that its obligation to cooperate requires it, upon request, to provide complete and truthful information to any Federal or State law

1

enforcement agencies concerning any criminal activity about which it knows. The Defendant agrees that any such information it provides law enforcement agencies will be complete and truthful.

3.    Besides the foregoing, the Defendant will do all things deemed necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which the Defendant is involved or about which it knows. The Defendant agrees and acknowledges that such cooperation shall include, but not be limited to, the following, if requested by the Government:

(a)    prompt production to the Government of any non-privileged document or record in the possession, custody, or control of the Defendant relating to the subject matter of the investigation;

(b)    prompt production to the United Sates of copies of all reports, memoranda of interview, and other documents in its possession, custody, or control concerning any investigation of the subject matter of the Information which the Defendant has undertaken, or which has been performed by its counsel or other agent, and waives any rights or privileges which otherwise apply to such production. To the extent that the Defendant is bound by a joint defense agreement, it shall not be required to disclose attorney-client privileged communications of other defendants, targets, or subjects;

(c)    taking all reasonable measures available to the Defendant to ensure that present and former officers, directors, agents, and employees of the Defendant cooperate truthfully and completely with the Government in conjunction with ongoing investigations and prosecutions, including any non-attorney personnel who participated in or conducted any internal investigation of the subject matter of the Superseding Indictment; and,

(d)    taking all reasonable measures available to the Defendant to make its officers, directors, and employees available to present testimony at any trial proceedings, where requested by the Government upon reasonable notice. Provided, however, notwithstanding any provision of this agreement, that the Defendant is not required to request that its present or former officers, directors, or employees forego seeking the

advice of an attorney, or take any action in response to their officers, directors, or employees seeking legal advice.

4.      The Defendant further agrees that its obligation to cooperate includes providing information concerning its knowledge of criminal activity in the Southern District of Illinois, and elsewhere, including, but not limited to, all federal districts.

5.      The Defendant and the Government both agree that, pursuant to the United States Sentencing Commission *Guidelines Manual*, § 1B1.8 ["U.S.S.G." or "Sentencing Guidelines"], information that the Defendant provides pursuant to its obligation to cooperate fully under the terms of this agreement shall not be used in determining the Defendant's applicable guideline range.

6.      The Government will inform the Court of the extent of its voluntary cooperation; however, the Defendant understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that it will not be allowed to withdraw its plea of guilty, once entered.

7.      The Defendant will not be prosecuted in the Southern District of Illinois for any other crimes now known to the Government or to become known to the Government by virtue of the Defendant's cooperation.

8.      In conjunction with the provisions of paragraphs 1, 2, 3, and 4, above, the Defendant specifically agrees and acknowledges that if it does not cooperate fully or does not testify, through its authorized representatives, truthfully before the Grand Jury or at any trial in any federal district where it is called by the Government as a witness, then the Government is completely released from any obligation arising from this agreement and the Defendant is subject to full prosecution and punishment for any crime known to the Government at this time. It is further understood that no

3

action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw its plea.

9.     The Defendant acknowledges that it has been advised and does fully understand the following:

> (a)     the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

> (b)     that the Defendant has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, and the right to confront and cross-examine witnesses against it;

> (c)     that if the Defendant pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

> (d)     that if the Defendant pleads guilty, the Court may ask it, through its authorized representatives, questions about the offense to which it has pleaded, and if it answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or false statement; and,

> (e)     that if the Defendant pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial.

10.    The Defendant agrees that this Plea Agreement and Stipulation of Facts constitutes the entire agreement between it and the Government and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce it to enter into this Plea Agreement and Stipulation of Facts.

11.    It is further understood that this agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood

4

that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.

12.     The Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). The Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

13.     The Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $400 per felony count. *See* 28 U.S.C. § 3013(a)(2)(B). The Defendant agrees that it will pay the full amount of the special assessment prior to or at the time of sentencing.

14.     The Defendant understands that the Court may impose a term of probation between one and five years. *See* 18 U.S.C. § 3561(a), (c)(1); U.S.S.G. §§ 8D1.1-8D1.4. **The Government will recommend a sentence of five (5) years probation and that the conditions of probation be those set forth in U.S.S.G. §§ 8D1.3-8D1.4.**

15.     The Defendant understands that the Court may impose a fine and costs of supervision.

16.     The Defendant states that it has read this agreement and has discussed it with its attorney, and understands it.

17.     The Defendant understands and agrees that if it commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of this agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of

the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw its plea.

18.     The Defendant agrees to complete a financial statement as requested by the United States Attorney's Financial Litigation Unit (e.g., Form OBD-500C).

19.     The Defendant understands that its attorney has a potential conflict because the attorney also represents Robby and Monica Owens, both of whom are also defendants. The Defendant has consulted with its attorney about this issue. **The Defendant specifically waives any conflict with such representation**.

## II.

1.     The Defendant states that it is actually guilty and will enter a plea of guilty to Count 1 of the Information charge violations of Title 18, United States Code, Section 666. The maximum penalty that can be imposed for each violation is a term of probation of five (5) years and a fine of $500,000. *See* 18 U.S.C. §§ 3561(c)(1), 3571(c)(3). With respect to the fine, the maximum alternative fine may be the greater of twice the gross gain or twice the gross loss from the offense. *See* 18 U.S.C. § 3571(d).

2.     The Government and the Defendant agree that the following constitutes the essential elements of the offense of Theft Concerning Programs Receiving Federal Funds, 18 U.S.C. § 666(a)(1)(A): To sustain the charge of Theft Concerning Programs Receiving Federal Funds, the government must prove the following propositions:

(1) the defendant was an agent of an organization;

(2) the defendant intentionally misapplied some money;

6

(3) the money was owned by, or was under the care, custody or control of the government agency;

(4) the money had a value of $5,000 or more; and

(5) the organization, in an one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

The Defendant agrees and admits that its conduct violated these essential elements of the offenses.

3.      The Government and the Defendant submit to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant will have an Offense Level of sixteen (16) and a Criminal History Category of I.  The Defendant and the Government further submit that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant's fine range will be $140,000 to $280,000 according to U.S.S.G. § 8C2.7. **The Government agrees to recommend a sentence of five (5) years probation with conditions and an order of restitution.**  The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon.  The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, it will not be permitted to withdraw its plea.  The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed.  Based upon the concessions made by the Government in this

7

agreement, the Defendant agrees not to seek any sentence below the lowest range of the advisory sentence recommended by the guidelines after all guideline factors have been considered by the Court. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

4.      The Defendant and the Government agree that the initial Guideline Offense Level in this case is six (6) pursuant to U.S.S.G. § 2B1.1(a)(2).

5.      The Defendant and the Government further agree that the specific offense characteristic of amount of loss applies and that the loss (approximately $150,652.84) is more than $120,000 but not more than $200,000, thus the Defendant's initial Guideline Offense level should be increased ten (10) levels, creating a base offense level of sixteen (16) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(F).

6.      The total offense level is sixteen (16). The Defendant and the Government agree that applying the applicable offense level of sixteen (16) to the Guidelines indicates an offense level fine of $175,000. *See* U.S.S.G. § 8C2.4(d).

7.      In determining the culpability score, the Defendant and the Government agree that the base level is five (5) points. *See* U.S.S.G. § 8C2.5(a). The Defendant and the Government agree

that because the Defendant has accepted responsibility, then the base level is decreased by one (1) point. *See* U.S.S.G. § 8C2.5(g)(3). Therefore, the total culpability score is four (4) points.

       8.      In determining the fine range, the Defendant and the Government agree that, applying the culpability score of four (4) points to the Guidelines indicates a minimum multiplier of 0.80 and a maximum multiplier of 1.60. *See* U.S.S.G. § 8C2.6. Therefore, fine range is $140,000 to $280,000 ($175,000 multiplied by 0.80 and 1.60) pursuant to U.S.S.G. §§ 8C2.7-.8.

       9.      The Defendant understands that **the Government will <u>not</u> recommend the imposition of a fine** because it would impair the ability to make restitution. In light of authority for the Court to order restitution in any criminal case to the extent the parties agree as provided in 18 U.S.C. § 3663(a)(3), the Defendant agrees to make restitution and in the following manner.

       10.      The Government and the Defendant both agree that **restitution** will be joint and several with co-defendants Robby Owens and Monica Owens. The lead agency will determine its owed payments to the applicable frauds. The amounts and order of restitution are as follows:

| Priority | Victim | Amounts | Debtors |
|---|---|---|---|
| 1. | Day care program (HHS) | $150,652.84 | Monica Owens<br>Robby Owens<br>Great Kids, Inc. |
| 2. | Food stamp program (USDA) | 26,427.00 | Monica Owens |
| 3. | Employment related taxes (IRS) | 74,174.00 | Monica Owens<br>Robby Owens<br>Great Kids, Inc. |
| 4. | Individual taxes (IRS) | 175,023.00 | Monica Owens<br>Robby Owens |

Within a priority, any multiple debtors owe jointly and severally. Furthermore, parties uncharged for certain restitution have agreed to nevertheless pay the restitution.

11.     The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter. Said cooperation will include signing all releases, as requested.

12.     The Government proposes the following Special Conditions of Probation or Supervision:

a. The Defendant shall pay any financial penalty that is imposed by the judgment and that remains unpaid at the time of supervised release.

b.  The Defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attoney's Office with any requested financial information. The Defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

c. The Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

d. The Defendant shall apply all monies received from income tax refunds, lottery winnings, judgments and/or any other anticipated or unexpected financial gains to the outstandintg court ordered finanical obligations. The Defendant shall immediately notify the probation officer of the receipt of any indicated monies.

### III.

1.     The Defendant understands that by pleading guilty, it is waiving all appellate issues that might have been available if it had exercised its right to trial. The Defendant states that it is

10

fully satisfied with the representation it has received from its counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and its defense.

2.      The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives its right to contest any aspect of its conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. The Defendant knowingly and voluntarily waives its right to seek a pardon, whether before or after its release from custody.

3.      The Defendant's waiver of its right to appeal or bring collateral challenges shall not apply to the following: (1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and (2) appeals based upon Sentencing Guideline amendments which are

made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4.      The Defendant's waiver of its appeal and collateral review rights shall not affect the Government's right to appeal the Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the Government, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5.      The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6.      The Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV.

1.      Each person who signs this Plea Agreement is a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions. The Defendant shall provide to the Government and to the Court a copy of a Corporate Acknowledgment of the Plea Agreement affirming that its Board of Directors has given it signatory authority to enter into the Plea Agreement on its behalf and that it has done the following:

(a) consulted with legal counsel in connection with this matter;

(b) voted to authorize the Defendant to plead guilty to the charge specified in the Plea Agreement; and,

(c) voted to authorize a corporate representative to execute the Plea Agreement and any and all other documents necessary to carry out the provisions of the Plea Agreement. The Defendant further agrees that a duly authorized corporate officer and/or representative will appear on behalf of the Defendant, and will enter the guilty plea and will also appear for the imposition of sentence. A duly executed resolution of the Board of Directors approving this Plea Agreement is attached to this document as Exhibit A.

**V.**

No matters are in dispute.

A. COURTNEY COX
United States Attorney

GREAT KIDS, INC.,
Defendant
by authorized corporate representative

WILLIAM E. COONAN
Assistant United States Attorney

GILBERT SISON
Attorney for Defendant

Date: 9-18-09

Date: 9-18-09

13